IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARVIN D. NAYLOR**                                                                                  **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 3:16CV663-CWR-FKB**

**STATE OF MISSISSIPPI, et al.**                                                        **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Petitioner Marvin D. Naylor filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He is a pretrial detainee of both Lauderdale County and the United States of America, currently being held at the Madison County Detention Center. He asks the Court to dismiss his pending State charges and to release him from State custody. The Court has considered and liberally construed the pleadings. The case is dismissed.

### DISCUSSION

Naylor filed this Petition on August 26, 2016. He alleges that he was originally arrested in Lauderdale County on twelve charges. From the State he now faces four separate indictments for three counts of selling a controlled substance, child endangerment, two counts of receiving stolen property, and possession of firearms by a convicted felon.

Naylor claims that he is being illegally held because the search warrant was not executed properly and the witness against him is not credible. Specifically, Naylor claims that although the warrant was to search his property, it was used to search real estate that does not belong to him. He also contends the warrant was invalid because it allegedly did not bear a seal. Finally Naylor argues that the witness is a "convicted felon . . . caught on another charge." (Pet. at 7). For relief, Naylor asks this Court to dismiss the pending State charges.

Absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). An exception is drawn based on the type of relief sought by the petitioner. *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). The distinction is "between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial process' by litigating a . . . defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown*, 530 F.2d at 1283). Generally, the Court is without authority to abort the State criminal trial. *Dickerson*, 816 F.2d at 226. On the other hand, a federal court "may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Green v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988).

Naylor asks that the State criminal charges be dismissed. He does not seek to force the State of Mississippi to bring him to trial or to enforce any other procedure. Rather he attempts to litigate evidentiary and credibility issues. Since federal habeas corpus is not available to abort the State criminal proceedings here, the habeas claims should be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 3rd day of October, 2016.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
